### PLEADING UNDER THE CODE.

Common Pleas Court of Franklin County.

## P. D. CONVERSE v. PANHARD MOTORS COMPANY.

Decided, December 20, 1918.

*Pleading—Requirements of the Code—Useless Repetition in the Making of Denials—Facts Should be Stated Concisely and in Ordinary Language—Unnecessary Labor Thrown Upon the Court by Slovenly Pleading.*

1. The only pleas authorized by the Code for employment by the defendant are the general or specific denials and of new matter. A denial of each and every allegation not admitted or denied is unauthorized by the code.
2. The rule requiring facts to be stated without repetition applies to pleadings of both parties, and forbids the repetition of facts alleged in a petition by allegations of admissions thereof by defendant. Such repetition of facts also violates the rule which requires facts to be stated in ordinary language, which contemplates this be done in the established order and methodically.
3. Ordinary language is the use of such English words as are used in strict requirement of the rules prescribed by the Code. Compliance with the rule of ordinary language requires the facts shall be stated in concise and condensed form, and forbids useless repetition by methods not authorized.

KINKEAD, J.

Counsel for plaintiff contends by his motion that there are defenses in the answer contained that are not separately stated and numbered.

There are three alleged defenses which are separately numbered. In the first one there are three or more paragraphs of mere admissions. It has long been common practice to lumber up pleadings with long pages of admissions which are unauthorized improper, and accomplish nothing but to increase the costs.

These admissions are found throughout the pleading. The pleading also contains the common unauthorized form of denial

of all allegations not specifically denied or admitted. Such admissions or denials do not aid the court in performing its duty in stating the issues. The court has to ferret out the controverted facts, and the illegitimate denial and unauthorized form of denial does not help. Only the slovenly trial judge notices them, according to Pomeroy's Code Remedies. The statement of the issues to a jury by reading the pleadings *verbatim ad literatim* is not always the best way of placing the facts in issue before it.

The last paragraph in the answer immediately preceding the cross-petition is another useless appendage to a pleading. It is what we have often characterized as an illegitimate form of denial, that is, one not authorized by the code—a denial of all facts not admitted or denied.

The tools provided by the code are special denials, general denials, and new matter constituting defense or counter-claim. A special denial is a most efficient weapon; the more there are the more efficient is the pleading.

The answer and cross-petition is an unnecessarily lengthy pleading and it is somewhat complicated.

Paragraphs 1, 2, 3, 4, 5, 6, 7, 8 should all be omitted because they are mere admissions.

The first paragraph of the second defense should be omitted; also the second paragraph.

The first paragraph of the third defense should be omitted. So far as it is attempted to incorporate and repeat these useless admissions into subsequent defenses it is wholly unwarranted and improper. No rule is better settled nor better understood than that one complete or whole defense can not properly be incorporated into another one. Each defense is a separate, distinct entity and must stand alone. Of course where certain allegations may be common to other defenses such particular parts may be properly incorporated by apt words of reference. But in this case all that is found under the head of a so-called defense from "the first line and ending with the   *   *   *   line, etc." is south to be incorporated into another defense. This can not be done, because the matter sought to be incorporated is irrelevant and improper,

Paragraphs 1 and 2 in the third defense should be omitted.

The use of words, "further answering the defendant" could be well omitted where there are so many repetitions. Their omission will also avoid useless repetitions and will tend to conciseness and better statement.

The last paragraph in the third defense should be stricken out

"Further answering defendant denies each and every allegation not hereinbefore specifically admitted to be true."

No such form of allegation is permissible; it is not authorized, although it is perhaps found in every pleading filed in court. But such practice is precisely like the abuses under the common law which brought about the Code.

As long ago as 1895, in the March number of the *American Lawyer,* appeared a statement by a member of a committee making a report by the American Bar Association that code practice, as then carried on, had abandoned its simplicity, and is losing its distinctive character, and unless return is made to first principles it will in a short time be subject to all the criticisms made on its predecessor, the common law with but few of its redeeming features."

The observation of the judiciary is that proper care is frequently not observed in following the simple rules of the Code. The rules of common law and code pleading are kindred in many respects, the changes in procedure made by the code being designed to obviate the evils grown up under the old system. The tools provided by the code, that is the pleadings, and the pleas, are unlike those of the common law; these are the instrumentalities that are so often misused.

The facts are to be stated in ordinary and concise language *without repetition.* We do not think this pleading complies with that rule.

Many pleadings are encountered which consume from one to three or more pages of admissions, which practice is not warranted. The experience of stating the precise questions at issue to a jury presents a different viewpoint. The attitude of the lawyer in preparing the pleading is that of fear that he will

admit something by failing to deny. Hence the form of "illegitimate denial" of such and every allegation not herein admitted or denied is universally adopted. It is neither a special nor general denial; hence it is plainly unauthorized and improper.

If a party can not properly deny all the allegations, but wishes only to deny certain averments, the special denial should be adopted. As a matter of fact the special denial properly used is more efficient than the common unwarranted practice of admitting certain allegations denying others, then closing with a denial of each and every allegation not hereinbefore admitted or denied.

One of the most important duties of a trial judge in jury cases is the statement of the issues. He can do it more efficiently when the provisions of the code are followed:

Facts are to be stated without repetition; that means not only that each pleader must not repeat facts contained in his pleading, but it also contemplates that the adversary shall not take up each fact which can not be denied, and repeat the same in his pleading, thus encumbering the record with a double statement of the facts, increasing the costs and violating the plain injunction of the Code requiring facts to be stated in ordinary and concise language. Such repetition of the same words as is done by an adversary in the form of repetition by way of admissions, violates the express language of the code; it is not expressing the claims of parties in a few words; the statement is not condensed, brief and compact; it is not the concise style required by the Code.

Neither is such statement made in *ordinary* language as required by the Code; ordinary language by the dictionary is according to the established order; methodical, common, customary, usual. But as an English jurist stated in *Houghton* v. *Gilbert*, 7 C. & P., 701, a general dictionary of the English language is not to be considered an authority to show the meaning of a word. So if the latter part of Webster's definition above quoted were to be adopted we would be forced to conclude that the method pursued in this case was proper; because indeed it is "common,

customary and usual'' among all the members of the bar, as evidenced by all the pleadings filed in court, to violate certain rules. However, the course pursued is not according to the established order fixed by the Code.

Judge Swan's conception of the requirement—ordinary language—was the ''use of such English words as are commonly used among intelligent men in the statement of facts.'' This view may seem to be against the writer's contention, because the practice here condemned is common among the intelligent members of the Bar. The requirement of ordinary language, however, if qualified by the rule that it shall be concise; it can not be concise or condensed if there is useless repetition by methods not authorized by the forms of statement by a defendant.

For instance, defendant is a foreign corporation; hence (unlike a domestic corporation) its corporate capacity must be alleged. But defendant is not justified in making the admission of corporate capacity; it is neither new matter, nor a denial. In the first defense, defendant makes an allegation of admission in the first paragraph consuming nearly two pages which, if material, are admitted if they are not specifically denied. This is the rule of the Code; that which is not denied, is by law admitted, then why take all allegations not denied and admit them by repeating the averments of the adversary.

It is not surprising that a motion to separately state and number defenses was made in this case, because the pleading is confusing and without close careful study one might think there were several separate defenses contained in each of the defenses as designated by numbers, whereas as there is not.

The first cause of action of the cross-petition seeks to recover $2,304.67 against plaintiff on alleged account for one Panhard Truck Model A 7c, a copy of which it is stated is attached to the cross-petition. No such alleged account is attached and it is doubtful if it would be proper to do so for the reason that it purports to be a single transaction of sale.

The second cause of action adopts all that part of the first cause of action between the ''first line on page — and ending with .... etc.''

Such an attempted adoption is improper. It does not enter into the second cause.

In the second cause of action of the cross-petition it is alleged that the parties entered into a contract in writing with the Hamilton Motors Co. agreeing to purchase certain trucks etc., which was assigned to plaintiff. Failure to complete the contract is alleged, the cross-petitioner claiming damages for such alleged breach.

Plaintiff moves to require a copy of such contract to be attached to the cross-petition. Such motion ought not to have been made, nor the time of the court taken with it, because it certainly must be understood that where a claim for damages is made, on account of breach of written contract, such contract is in no sense to be considered an evidence of indebterness which the statute required to be attached to the pleading.

This branch of the motion is overruled. The first and second branches of the motion are sustained by the order which the court indicates in this written decision. That is: To omit paragraphs 1, 2, 3, 4, 5, 6, 7, 8, of the first cause of action these paragraphs appearing to be mere admissions of allegations contained in the petition; also omit paragraph 1 and 2 in second defense; also omit paragraphs 1 and 2 in third defense; also omit the last paragraph of the fourth defense which is an unauthorized form of denial.

If counsel finds any material allegation which should be denied, use the proper tool of the Code, viz; special denial. A denial of each and every allegation not hereinbefore specifically admitted to be true, is not only slovenly (but everybody uses it) but it is unauthorized and constitutes so many useless words in a pleading which ought never to be noticed by any trial judge. See Pomeroys Code Rem., Section 525; *Bakas* v. *Casparis Stone Co.,* 14 N.P.(N.S.), 577.

The order made upon the motion to the answer is that the same be amended according to the suggestions of the decision.